**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Adam H. Nagle

     v.                          Civil No. 08-cv-445-JL

Warden, New Hampshire State Prison, et al.

**O R D E R**

Pro se plaintiff Adam H. Nagle has filed a complaint, pursuant to 42 U.S.C. § 1983, alleging that defendants have violated his rights under the First, Eighth and Fourteenth Amendments to the United States Constitution and New Hampshire law (document no. 1).  Seeking injunctive and monetary relief, he brings this action against William L. Wrenn, Commissioner of the New Hampshire Department of Corrections ("NHDOC"), and three employees of the New Hampshire State Prison ("NHSP").[1]  The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief

_____

[1]Named as defendants are the following NHSP employees: Warden Richard M. Gerry; and corrections officers Schofield, First Name Unknown ("FNU") and Pellitier, FNU.

might be granted.  <u>See</u> 28 U.S.C. § 1915A; United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).

For the reasons stated in the report and recommendation issued simultaneously herewith, I find that Nagle has stated the following claims against Gerry, Schofield and Pellitier: (1) Eighth Amendment claims alleging use of excessive force; (2) First Amendment retaliation claims alleging denial of the right to petition the government for redress of grievances; and (3) related state law claims alleging intentional infliction of emotional distress.  I recommend dismissal of all remaining claims.

Also filed is a request for injunctive relief (document no. 1).  I recommend that a preliminary injunction hearing be scheduled with regard to Nagle's claims alleging use of excessive force, retaliation and intentional infliction of emotional distress.

As Nagle has filed the necessary summons forms, I order the complaint to be served on defendants Gerry, Schofield and Pellitier.  The Clerk's Office is directed to serve the New

Hampshire Office of the Attorney General (AG), as provided in the Agreement On Acceptance Of Service, copies of this order, the report and recommendation and the complaint (document no. 1). See LR 4.3(d)(2)(C).  Within thirty days from receipt of these materials, the AG will submit to the court an Acceptance of Service notice specifying those defendants who have authorized the AG's office to receive service on their behalf.  When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

As to those defendants who do not authorize the AG's office to receive service on their behalf or whom the AG declines to represent, the AG shall, within thirty days from receipt of the aforementioned materials, provide a separate list of the last known addresses of such defendants.  The Clerk's Office is instructed to complete service on these individuals by sending to them, by certified mail, return receipt requested, copies of these same documents.

Defendants are instructed to answer or otherwise plead within twenty days of acceptance of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: December 24, 2008

cc:  Adam H. Nagle, pro se

4